IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1734 |
| | § | (CRIMINAL NO. H-10-412-02) |
| SAMUEL JOSEPH JACKSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The defendant, Samuel Joseph Jackson, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Motion for Relief") (Docket Entry No. 455);[1] and a Memorandum of Law in Support of Defendant's 28 U.S.C. § 2255 (Docket Entry No. 456). The United States has filed a Motion to Dismiss Movant's Untimely 2255 Motion, and, Alternatively, Motion to Dismiss Pursuant to Movant's Plea Agreement Waiver; and, Alternatively, Motion to Dismiss Movant's 2255 Motion ("Motion to Dismiss") (Docket Entry No. 481), to which Jackson has filed Defendant's Reply to the Government's Motion to Dismiss or Motion for Summary Judgment (Docket Entry No. 488). Jackson has also filed a motion titled "Official Transcript Contains Protected

---

[1] All docket entry references are to Criminal No. H-10-412. Jackson's motion uses the form for a petition under 28 U.S.C. § 2254. It is clear from his Memorandum in Support that Jackson intended this to be a motion pursuant to 28 U.S.C. § 2255, and the government has treated it as such in its Motion to Dismiss.

Information, By Government Act of 2002, Fed.R.Civ.P.5.2(a)" ("Motion to Redact") (Docket Entry No. 477). The court has considered the parties' arguments and is persuaded that the United States' Motion to Dismiss should be granted, Jackson's Motion to Redact should be denied, and this action should be dismissed.

Before reaching the merits of Jackson's motion, the government presents two threshold issues that it argues call for dismissal. First, the government argues that Jackson's motion was untimely filed. Second, the government argues that Jackson's claims are subject to the waiver of appeal in his plea agreement. Since the court concludes that Jackson's motion was timely,[2] it addresses only the second issue in detail.

Pursuant to a written Plea Agreement (Docket Entry No. 196 (sealed)), Jackson pleaded guilty to conspiracy to possess with intent to distribute phencyclidine (PCP) in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(2)(A)(iv).

Jackson's plea agreement states:

### Waiver of Appeal

9.  Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to

---

[2]As the court determined in its May 30, 2013, Memorandum and Recommendation (Docket Entry No. 445 (sealed)), adopted on July 18, 2013 (Docket Entry No. 449), a motion attacking Jackson's conviction would have to be filed on or before June 6, 2013. Docket Entry No. 445, p. 6. Jackson deposited his petition in the prison mailing system on June 5, 2013. See Docket Entry No. 455, pp. 10-11.

appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742**. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. § 2255**.[3]

At Jackson's rearraignment, the following colloquy occurred between Jackson and the court:

THE COURT: Now, if you will both please listen to me carefully.[4] Before I can accept your guilty pleas, I must ask each of you a number of questions. It is very important that you listen carefully to all of my questions and that you answer all of my questions truthfully and completely for several reasons. First, since you are now under oath, if you gave an untrue answer to a question, you could be charged with a separate crime of perjury.

Do each of you understand that?

THE DEFENDANT: Yes, sir.

. . .

THE COURT: Also, before I can accept your guilty pleas, I must make a number of findings. My findings are based on your answers to my questions. In order for my findings to be correct, it is therefore necessary that all of your answers be truthful and complete.

. . .

THE COURT: And, Mr. Jackson, do you understand that?

---

[3] Plea Agreement, Docket Entry No. 196 (sealed), pp. 6-7 ¶ 9 (emphasis in original).

[4] Jackson was rearraigned along with his co-defendant, Chatela Jackson. Colloquy between the court and Chatela Jackson has been omitted for brevity and clarity.

THE DEFENDANT:   Yes, sir.

THE COURT:   If you do not understand anything that I say, will you please ask me to repeat or explain whatever you do not understand?

. . .

THE COURT:   Mr. Jackson, will you do that?

THE DEFENDANT:   Yes, sir.

THE COURT:   Also, each of you may stop at any time and speak with your own attorney. You do not need anyone's permission to speak to your attorney.

Let me emphasize to you the importance of providing complete answers. Sometimes after a defendant has been sentenced, a defendant will file a motion or write me a letter in which the defendant states that the answers provided at the rearraignment were not true or were not complete.

You need to understand that I'm going to rely today and at all times in the future on the answers you give me today. If you should ever tell me something in the future that is different from what you have told me today, I will disregard that future statement and rely only on what you have told me today.

Ms. Jackson, do you understand that?

CHATELA JACKSON:   Yes, sir.

THE COURT:   Do you, Mr. Jackson?

THE DEFENDANT:   Yes, sir.

. . .

THE COURT:   Mr. Jackson, how old are you?

THE DEFENDANT:   I'm 35.

THE COURT:   Where were you born?

THE DEFENDANT:   Houston, Texas.

THE COURT:          Did you graduate from high school?

THE DEFENDANT:      No, sir.

THE COURT:          How many years of school did you complete?

THE DEFENDANT:      Ten.

THE COURT:          After you left school, did you take any other type of courses or have any other formal education?

THE DEFENDANT:      GED.

THE COURT:          You have a GED?

THE DEFENDANT:      Yes, sir.

THE COURT:          Where did you obtain the GED?

THE DEFENDANT:      Downtown, University of Houston, if I'm not mistaken.

THE COURT:          What is the last job you held?

THE DEFENDANT:      Rim -- tire shop, cellphone store and tire shop.

THE COURT:          Have you ever been diagnosed or treated for any type of mental problem?

THE DEFENDANT:      No, sir.

. . .

THE COURT:          How many times have you spoken with your attorney about this case?

THE DEFENDANT:      Eight to 10 times.

THE COURT:          Has he discussed with you the charges against you and what the government would have to prove to establish your guilt?

THE DEFENDANT:      Yes, sir.

THE COURT:          Has your lawyer discussed with you the evidence that the government has against you?

THE DEFENDANT:      Yes, sir.

| | |
|---|---|
| THE COURT: | Has he discussed with you how the federal advisory sentencing guidelines might apply in your case? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Has your lawyer answered all of your questions? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Has he done everything that you have asked him to do? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Are you fully satisfied with the advice and counsel that your lawyer has provided you? |
| THE DEFENDANT: | Yes, sir. |
| . . . | |
| THE COURT: | The maximum sentence that you face is life in prison. You face a minimum of 10 years in prison. In addition to any period of imprisonment, you face a fine of up to $10 million, five years of supervised release and a $100 special assessment. There is no parole in federal court. That means you will actually have to serve your sentence in prison. |
| . . . | |
| | I'm not trying to scare you, but the Rules of Criminal Procedure require that I fully inform you of the effect of your plea, so you need to understand the possible consequences. What you also need to understand today is that this process of determining your sentence has not yet begun, as I explained to you a moment ago. So you don't really know now what your sentence is going to be. And if the sentence that I should impose is greater than what you now expect or greater than the sentence that your lawyer or anyone else may have predicted, you will be bound by your guilty plea today regardless of your sentence. You will not be allowed to change your mind and withdraw your guilty plea because you are not satisfied with your sentence. |

. . .

THE COURT:         Mr. Jackson, have you read your plea agreement?

THE DEFENDANT:     Yes, sir.

THE COURT:         Have you discussed it with your attorney?

THE DEFENDANT:     Yes, sir.

THE COURT:         Do you have a copy before you?

THE DEFENDANT:     Yes, sir.

THE COURT:         I want to go over the essential parts of the agreement now, just to be sure that you understand them.

Both agreements provide in the first paragraph that you agree to plead guilty to Count One of the indictment, which I described earlier. Each of your agreements provides in paragraph seven that the agreement carries the potential for a motion for downward departure under Section 5K1.1 of the sentencing guidelines. But the defendant understands and agrees that whether such a motion is filed will be determined solely by the United States Attorney.

What you need to understand about that provision is that if the United States Attorney should decide not to file a motion for downward departure, there is nothing that you can do about it.

. . .

Paragraph nine of your agreement provides that you agree to waive your right to appeal the sentence imposed or the manner in which it was determined, and you agree to waive the right to contest your conviction or sentence by means of any post-conviction proceeding, including, but not limited to, one brought under Title 28, United States Code, Section 2255.

. . .

Mr. Jackson, have you discussed this provision of your plea agreement with your attorney?

-7-

THE DEFENDANT:   Yes, sir.

THE COURT:   As a part of your plea agreement, do you wish to give up your right to appeal the sentence imposed or the manner in which it was determined?

THE DEFENDANT:   Yes, Your Honor.

THE COURT:   Do you also wish to give up the right to contest your conviction or sentence by means of any post-conviction proceeding including, but not limited to, one brought under Title 28, United States Code, Section 2255?

THE DEFENDANT:   Yes, sir.

. . .

THE COURT:   Mr. Jackson, have I correctly described your agreement with the government as you understand it?

THE DEFENDANT:   Yes, sir.

THE COURT:   Other than what is stated in this written plea agreement, has the United States government made any promises to you in connection with your guilty plea?

THE DEFENDANT:   No, sir.

THE COURT:   Has anyone threatened you or forced you to plead guilty?

THE DEFENDANT:   No, sir.

THE COURT:   Has anyone promised you what your sentence will be if you plead guilty?

THE DEFENDANT:   No, sir.[5]

---

[5] Transcript of Rearraignments Before the Honorable Sim Lake United States District Judge, Docket Entry No. 467, p. 4 line 17 through p. 5 line 1, p. 5 line 3 through line 7, p. 5 line 10 through line 14, p. 5 line 17 through p. 6 line 11, p. 9 line 12 through p. 10 line 8, p. 11 line 7 through p. 12 line 3, p. 12 line 22 through p. 13 line 2, p. 14 line 2 through line 14, p. 15 line 10 through p. 16 line 5, p. 16 line 15 through line 20, p. 17 line 7 through line 18, p. 19 line 23 through p. 20 line 10.

At the conclusion of the hearing the court found that Jackson was fully competent and capable of entering an informed plea, that the plea was knowing and voluntary, and that it was supported by an independent basis in fact establishing each element of the offenses charged.[6] The court therefore accepted Jackson's plea and adjudged him guilty.[7]

The court concludes that Jackson knowingly and voluntarily waived his right to collaterally attack his conviction or sentence and that the claims in his § 2255 motion are subject to the waiver. Jackson argues that his guilty plea was not knowingly and intelligently made because "he was promised a specific leniency if he pleaded guilty and cooperated with authorities and did not get what was promised."[8] Because this is directly contrary to statements in Jackson's plea colloquy, the argument is without merit. Jackson's second argument, that he had ineffective assistance of counsel at sentencing and after, is subject to Jackson's waiver of appeal. See United States v. White, 307 F.3d 336, 340, 343-44 (5th Cir. 2002).

Jackson's Motion to Redact (Docket Entry No. 477) requests that the court remove from the "official transcripts electronically filed by the court" information protected under Fed. R. Civ. P.

---

[6] Id. at p. 27 lines 6-11.

[7] Id. lines 11-12.

[8] Motion for Relief, Docket Entry No. 455, p. 8.

5.2(a). That provision advises parties to include in their filings only the last four digits of a social security number or financial account number and the year of an individual's birth. To the court's knowledge, the only documents in this case that would contain such information, such as the Presentence Investigation Report (Docket Entry No. 260) and Financial Affidavit (Docket Entry No. 94), have been sealed. Jackson requests that the court redact opening and closing statements made on his behalf and testimony of witnesses called by him, neither of which are applicable in this case. He also requests that the court redact statements made by him, but he offers no grounds for doing so.[9]

Accordingly, the United States' Motion to Dismiss (Docket Entry No. 481) is **GRANTED**, Jackson's Motion for Relief under 28 U.S.C. § 2255 (Docket Entry No. 455) is **DISMISSED**, and Jackson's Motion to Redact (Docket Entry No. 477) is **DENIED.**

**SIGNED** at Houston, Texas, on this 3rd day of October, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[9]Jackson's request appears to be a recitation of the types of transcripts listed in the Notice of Filing of Official Transcript (Docket Entry No. 414), which advises parties that they have 21 days from the date of filing to request redaction of protected information.