Case 4:10-cr-00412 Document 568 Filed in TXSD on 07/13/16 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § SAMUEL JOSEPH JACKSON, § REG. NO. 81720279, § § Defendant. § | CRIMINAL NUMBER H-10-412-02 |

## MEMORANDUM OPINION AND ORDER

Defendant, Samuel Joseph Jackson, filed a Motion to Reopen the Time to File an Appeal Pursuant to App. R. 4(a)(6) ("Defendant's Motion to Reopen") (Docket Entry No. 511). The Government filed Government's Response to Defendant's Motion to Compel and Motion to Reopen Time to File an Appeal ("Government's Response") (Docket Entry No. 518). The court ordered the Government to provide an affidavit from the mail room supervisor at FCI Victorville Medium II and a supplemental response to Defendant's Motion to Reopen.[1] The Government then filed United States' Supplemental Response to Jackson's Motion to Reopen Time to Appeal ("Government's Supplemental Response") (Docket Entry No. 540), and Defendant filed a Supplemental Response to United States Motion ("Defendant's Response") (Docket Entry No. 556).

---

[1] Order, Docket Entry No. 525, p. 3.

Jackson filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 455). On October 6, 2014, the court entered a Memorandum Opinion and Order granting the Government's Motion to Dismiss and denying Jackson's § 2255 motion (Docket Entry No. 493) and a Final Judgment dismissing his § 2255 action (Docket Entry No. 494). Jackson did not file a timely notice of appeal. Instead, on April 27, 2015, he filed his Motion to Reopen. To obtain the relief he seeks Jackson must satisfy the three requirements imposed by Federal Rule of Appellate Procedure 4(a)(6):

> (6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

A. Notice of Entry

Whether Jackson can satisfy the first requirement hinges upon when he received notice of the judgment dismissing his § 2255

motion. The court's Memorandum Opinion and Order and Final Judgment were entered on October 6, 2014. If Jackson received notice of the entry of the Final Judgment on or before October 27, 2014, he cannot satisfy the first requirement of Fed. R. App. P. 4(a)(6).

Jackson states that he never received the court's Final Judgment. He only learned of it when he located it "on the Lexis/Nexis search engine" in the prison library.[2] Jackson argues that because he did not receive notice until well after the October 27, 2014, deadline, he satisfies 4(a)(6)'s first requirement. The Government argues the Final Judgment was entered on October 6, 2014, and the parties, including Jackson, were sent notice of the judgment via first-class mail on October 7, 2014. According to the Government, in response to a Government inquiry, the Clerk of Court stated that "[t]here is not [sic] returned mail indicated on the docket after that [October 7] date, and there is no change of address."[3] Under Rule 4(a)(6)(A) Jackson must therefore establish that he did not receive the judgment on or before October 27, 2014.

---

[2]Defendant's Motion to Reopen, Docket Entry No. 511, p. 2, Jackson Affidavit, p. 5 ¶ 6. Jackson does not state when he learned of the court's Final Judgment, but that he filed his Motion to Reopen "within two (2) days of learning that my 2255 petition was denied and dismissed" (Jackson Affidavit, attached to Defendant's Motion to Reopen, Docket Entry No. 511, p. 5 ¶ 7).

[3]Government's Response, Docket Entry No. 518, p. 3, footnote 1.

Proof that a letter was mailed creates a presumption that the letter reached its destination and was received by the addressee. United States v. Ekong, 518 F.3d 285, 287 (5th Cir. 2007). The addressee's "bare assertion of non-receipt" is insufficient to rebut the presumption of regularity given to the Postal Service. Id. (citing Custer v. Murphy Oil USA, Inc., 503 F.3d 415, 421 (5th Cir. 2007)).

Other than his own statement, Jackson has provided no evidence in support of his contention that he did not receive the judgment within twenty-one days after entry. Because Jackson's bare assertion of non-receipt does not overcome the presumption of delivery of United States mail, Jackson has failed to satisfy Rule 4(a)(6)(A)'s first requirement.

B. Timeliness of Motion to Reopen

Subsection (B) provides two possible deadlines for filing a motion to reopen the time to file an appeal.[4] Jackson argues that he filed his Motion to Reopen within 180 days after the judgment was entered. This deadline required him to file his motion by April 6, 2015. Jackson's Motion to Reopen was filed on April 27, 2015, well after the April 6 deadline. The Motion to Reopen is

---

[4]Jackson does not contend that he satisfies the alternative deadline in Rule 4(a)(6)(B) by filing his Motion to Reopen "within 14 days after [he] received notice under Federal Rule Civil Procedure 77(d) of the entry. . ." As explained above, since Jackson has not persuaded the court that he did not receive the judgment within 21 days of its entry on October 6, 2014, he could not avail himself of that alternative deadline.

dated March 30, 2015 (Motion to Reopen, Docket Entry No. 511, p. 5), and Jackson's Response states that he mailed his Motion to Reopen on March 30, 2015. (Defendant's Response, Docket Entry No. 556, p. 8)

Under the prison mailbox rule a pro se petitioner's notice of appeal under Rule 4(a) is considered filed when the petitioner delivers the document to prison authorities for mailing to the district court. Houston v. Lack, 108 S. Ct. 2379, 2382 (1988). In order to prevent abuse of this rule courts have established limiting factors to the rule. See Natson v. United States, 494 F. App'x 3, 5-6 (11th Cir. 2012) ("[W]e do not understand the Supreme Court in Houston to hold (or say) that factual representations, about timing, by convicted felons must be accepted-as a matter of law-as accurate, unless the Executive Branch has one particular piece of evidence in hand to refute the prisoner's claim."); Ray v. Clements, 700 F.3d 993, 1011 (7th Cir. 2012) (stating that "the [prisoner]'s requisite evidentiary showing should be exacting. The prisoner's sworn declaration should identify the who, what, when, where, how, and why of his alleged delivery to a prison official."). The Government in Natson refuted the prisoner's alleged date of filing by providing circumstantial evidence of later filing. Natson, 494 F. App'x at 6. This evidence included a declaration from the prison mail room supervisor of the policies of the prison mail system. Id.

For several reasons the court is not persuaded that Jackson has satisfied his burden of establishing that he delivered his Motion to Reopen to prison authorities for mailing on or before April 6, 2015. Although Jackson states that he mailed the motion on March 30, 2015, the envelope was not postmarked until the afternoon of April 22, 2015, and was not received by the court until April 27, 2015. (Envelope, attached to Motion to Reopen, Docket Entry No. 511-1)  The Declaration of the mail room supervisor of the prison where Jackson was housed in April of 2015 states:

> 7. The standard practice at FCI II Victorville for processing outgoing mail is that inmates may turn in their legal mail to Correctional Systems staff on weekdays during the noon mail. This mail is placed in the mail room. The following business morning, the outgoing mail is sent to the post office on the same day. This practice is in line with national policy, which states that "Ordinarily, all outgoing letter mail will be processed within 24 hours, excluding weekends and holidays.["]  In any event, inmate correspondence and mail are under the purview of institution authorities. . . .  I am unaware of any reason that mail would not be sent out per the normal process. There were no incidents during the months of March or April 2015 that would have caused a delay.

Declaration of Jennifer Bourn, attached to Government's Supplemental Response, Docket Entry No. 540-1, pp. 3-4 ¶ 7.

The Government also argues based on the prison mail logs that

> There were 25 mailings submitted to the mailroom by or on behalf of Jackson during the time he was at FCI Victorville, from June 19, 2012, see D.E. 402, 403, through the date of his last mailing from FCI Victorville on May 5, 2015, see D.E. 514.  With the most liberal construction, in every mailing but the one at issue

(D.E. 511) purportedly delivered to the mailroom by Jackson on March 30, 2015, Jackson's mailing was entered on this court's docket within 10 days, at the latest, after the date Jackson dated or otherwise certified the document.

Government's Supplemental Response, Docket Entry No. 540, p. 6.

Jackson states that he "stands by his word" that the mail room, not he, is the cause of the unusual delay.[5] He also claims that there was not a mail log for him to sign when he handed over his mail.[6] However, Jackson's representation is persuasively refuted by (1) Jackson's prior mail history with this court; (2) the affidavit of the mail room supervisor of FCI Victorville stating how prisoner mail is sent out within a twenty-four hour time frame; and (3) the twenty-two day delay between the time Jackson claims he filed and the date the prison postmarked his mail.[7]

The court finds Jackson's sworn statement that he delivered his Motion to Reopen on March 30, 2015, is not, by itself, sufficient to satisfy his burden of proving that he deposited his motion in the prison mail system by April 6, 2015. Based upon the evidence provided by the Government, the court concludes that

---

[5]Defendant's Response, Docket Entry No. 556, p. 3.

[6]Id. at 4.

[7]Government's Supplemental Response, Docket Entry No. 540, pp. 7-9; Declaration of Jennifer Bourn, attached to Government's Supplemental Response, Docket Entry No. 540-1, pp. 1-4.

Jackson likely deposited his Motion to Reopen with prison officials on April 21 or April 22, 2015, the date the prison postmarked his mail. Because this date is well after the April 6, 2015, deadline, Jackson also fails to satisfy the second requirement of Rule 4(a)(6)(B). See Fed. R. App. P. 4(a)(6)(B). Because Jackson has failed to satisfy two of Rule 4(a)(6)'s requirements,[8] his Motion to Reopen the Time to File an Appeal Pursuant to App. R. 4(a)(6) (Docket Entry No. 511) is **DENIED.**

Jackson has also filed a request that a Federal Public Defender be appointed "to investigate my case and to determine whether I am eligible for any relief under Johnson v. United States." (Request for FPD Representation, Docket Entry No. 566) In Johnson v. United States, 135 S. Ct. 2551 (2015), the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that its decision in Johnson announced a substantive rule that applied retroactively on collateral review. Jackson's sentence was not based on the ACCA, and the ACCA did not affect his advisory sentencing guideline range. (Nor was his

---

[8]Because Jackson has failed to satisfy the requirements of Fed. R. App. 4(a)(6)(A)&(B), the court will not address the Rule 4(a)(6)(C) prejudice issue.

guideline range or his sentence affected by 18 U.S.C. § 16, which defines a "crime of violence."[9])

Accordingly, Jackson's Request for FPD Representation (Docket Entry No. 566) is **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 13th day of July, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[9]Presentence Investigation Report, Docket Entry No. 260, ¶¶ 54-63; Second Addendum to the Presentence Report, Docket Entry No. 294.