United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CRIMINAL NUMBER H-10-0412-02 |
| SAMUEL JOSEPH JACKSON, | § | |
| REG. NO. 81720-279, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Samuel Joseph Jackson ("Defendant") has filed a [Second] Motion Seeking Reconsideration of Petitioner's Request for Compassionate Release Under [18 U.S.C.] § 3582(c)(1)(A)(i) ("Defendant's Second Motion Seeking Reconsideration") (Docket Entry No. 672), Defendant's Motion to Expedite Ruling on Motion for Reconsideration of Compassionate Release (Docket Entry No. 702), and Defendant's Motion for Appointment of Counsel (Docket Entry No. 701).  For the reasons explained below, Defendant's motions will be denied.

## I.  Background

On May 6, 2011, Defendant pled guilty to conspiring to possess with intent to distribute 100 grams or more of phencyclidine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iv).[1]

---

[1]Plea Agreement, Docket Entry No. 196, pp. 1-2 (sealed).  All page number citations are to the pagination imprinted by the federal court's electronic filing system at the top of the document.

On August 5, 2011, the court sentenced Defendant to 360 months' imprisonment to be followed by 5 years of supervised release.[2]

Despite the fact that Defendant waived his right to appeal in his plea agreement,[3] Defendant appealed his conviction to the Fifth Circuit, arguing that he did not understand the plea he made with the Government.[4]   The Fifth Circuit dismissed Defendant's appeal for procedural reasons.[5]   Although Defendant also waived his right to file a § 2255 motion in his plea agreement,[6] after his direct appeal was dismissed, Defendant filed an untimely § 2255 motion, arguing that his counsel was ineffective and that his plea was not made knowingly or voluntarily.[7]   The court dismissed Defendant's § 2255 motion because it found that Defendant had knowingly and voluntarily waived his right to collaterally attack his sentence.[8]

One month after his § 2255 motion was dismissed, Defendant filed his first motion for compassionate release, arguing that he

---

[2]Judgment in a Criminal Case, Docket Entry No. 375, pp. 2-3.

[3]Plea Agreement, Docket Entry No. 196, pp. 6-8 (sealed); see also Transcript of Rearraignments Before the Honorable Sim Lake, United States District Judge, Docket Entry No. 467, pp. 16-17.

[4]Notice of Appeal, Docket Entry No. 377.

[5]Order of Fifth Circuit Court of Appeals, Case No. 11-20590, Docket Entry No. 389.

[6]Plea Agreement, Docket Entry No. 196, pp. 6-7 (sealed); see also Transcript of Rearraignments Before the Honorable Sim Lake United States District Judge, Docket Entry No 467, pp. 16-17.

[7]Petition for a Writ of Habeas Corpus By a Person in State Custody, Docket Entry No. 455, pp. 6-8.

[8]Memorandum Opinion and Order, Docket Entry No. 493, pp. 2-3, 9.

was entitled to a sentence reduction under Amendment 782.[9]  The court denied Defendant's motion after "taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)."[10]  Defendant appealed the dismissal to the Fifth Circuit,[11] which affirmed the denial.[12]

After his direct appeal, his § 2255 motion, and his first motion for compassionate release had been denied, Defendant filed a second motion for compassionate release, again arguing that he was entitled to a sentence reduction under Amendment 782.[13]  The court denied Defendant's motion after "taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)."[14]  Defendant then asked this court to reconsider its denial of his second motion for compassionate release, arguing that the court needed to better

---

[9]Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2), Docket Entry No. 514.

[10]Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 530.

[11]Notice of Appeal the Denial for Sentence Reduction to Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 538, p. 1.

[12]Order of Fifth Circuit Court of Appeals, Case No. 15-20495, Docket Entry No. 581, p. 3.

[13]Motion for Modification and/or Reduction of Terms Pursuant to the First Step Act of 2018 and Pursuant to Title 18 U.S.C. § 3582(c)(2), and Minus 2 Levels for All Drugs, Docket Entry No. 593, p. 1 ¶ (1); Amended Defendant's Motion for Reduction of Sentence Pursuantly to the First Step Act of 2018 and Title 18 U.S.C. § 3582(c)(2) in Accordance with Amendment 782 U.S.S.G. 1B1.10, Docket Entry No. 594, p. 3 ¶ 7.

[14]Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 595.

explain its reasons for the denial.[15]  After considering Defendant's

Motion for Rehearing/Reconsideration and the Government's

response,[16] the court denied Defendant's Motion for Rehearing/

Reconsideration.[17]

In 2020, during the height of the COVID-19 pandemic, Defendant

filed a third motion for compassionate release, arguing that he was

entitled to a sentence reduction due to an outbreak of COVID-19 in

his facility.[18]  The court denied the motion because it found that

(1)    COVID-related concerns alone [did] not constitute
       "extraordinary or compelling" reasons for relief
       pursuant to Title 18 [U.S.C.] § 3582(c)(1)(A)(i);

(2)    [Defendant] had not shown that BOP . . . [was]
       incapable of managing the COVID-19 pandemic or
       providing him the necessary medical treatment;

(3)    [Defendant] . . . failed to show that he [was]
       suffering from a terminal illness or other medical
       condition . . .; and

(4)    . . . [Defendant] had not shown that he "is not a
       danger to the safety of any other person or to the
       community . . ."[19]

---

[15]Defendant's Motion for Rehearing Alternatively Motion for
Reconsideration Pursuant to Title 18 U.S.C. § 3582(c)(2)
("Defendant's Motion for Rehearing/Reconsideration"), Docket Entry
No. 597, p. 2 ¶ 3.

[16]Response to Defendant's Motion for Rehearing Alternatively
Motion for Reconsideration Pursuant to Title 18 U.S.C.
§ 3582(c)(2), Docket Entry No. 598.

[17]Order, Docket Entry No. 600.

[18]Letter Brief for Time Reduction/Home Confinement
Consideration, Docket Entry No. 602.

[19]Order, Docket Entry No. 604, pp. 1-2 ¶¶ 1-4.

-4-

Defendant filed a Motion Seeking Reconsideration of his third request for compassionate release, arguing that the COVID-19 pandemic was an extraordinary and compelling reason justifying a sentence reduction.[20]  After considering Defendant's Motion Seeking Reconsideration and the Government's Response re Reconsideration,[21] the court denied Defendant's Motion Seeking Reconsideration.[22] Defendant appealed the court's denial to the Fifth Circuit.[23]  The Fifth Circuit vacated the district court's order and remanded the case for further consideration of Defendant's Motion Seeking Reconsideration of his third request for compassionate release in light of intervening Fifth Circuit authority.[24]  After the case was remanded, Defendant filed a supplemental brief, arguing that he was entitled to a sentence reduction because of his declining health and because the § 3553(a) factors weighed in favor of reducing his sentence.[25]  After reviewing the supplemental briefing, the court denied Defendant's Motion Seeking Reconsideration of his third

---

[20]Motion Seeking Reconsideration of Petitioner's Request for Compassionate Release Under § 3582(c)(1)(A)(i) ("Defendant's Motion Seeking Reconsideration"), Docket Entry No. 605, pp. 4-9.

[21]United States' Response to Defendant's Motion Seeking Reconsideration of Request for Compassionate Release ("Government's Response re Reconsideration"), Docket Entry No. 610.

[22]Order, Docket Entry No. 613, p. 2.

[23]Notice of Appeal, Docket Entry No. 614, p. 1.

[24]Order of Fifth Circuit Court of Appeals, Case No. 20-20595, Docket Entry No. 635.

[25]Defendant's Supplemental Briefing on His Request for Compassionate Release, Docket Entry No. 645.

request for compassionate release because it found that "COVID-related concerns alone [did] not constitute 'extraordinary or compelling' reasons for relief pursuant to Title 18, [U.S.C.] § 3582(c)(1)(A)(i)" and because the § 3553(a) factors weighed against granting Defendant's motion.[26]

After his first Motion Seeking Reconsideration of his third request for compassionate release was denied, Defendant was diagnosed with Moyamoya disease and chronic kidney disease.[27] Moreover, although Defendant states that these conditions increase his susceptibility to COVID-19,[28] Defendant refused to take the COVID vaccine.[29]

After receiving his new diagnoses and after the court granted five deadline extensions,[30] Defendant filed a Second Motion Seeking Reconsideration of his third request for compassionate release, arguing that he is entitled to a sentence reduction because of his

---

[26]Order, Docket Entry No. 657, p. 2 ¶¶ 1, 3; p. 3.

[27]Defendant's Second Motion Seeking Reconsideration, Docket Entry No. 672, p. 48.

[28]Id. at 4-7.

[29]United States' Response to Motion for Compassionate Release, Docket Entry No. 682, p. 4 ("Jackson refused the COVID-19 vaccine on February 16, 2023"); Bureau of Prisons Health Services Health Screen, Exhibit B to United States' Response to Motion for Compassionate Release, Docket Entry No. 683-2, p. 32 (sealed).

[30]Order, Docket Entry No. 659, p. 1; Order, Docket Entry No. 661, p. 1; Order, Docket Entry No. 663, p. 1; Order, Docket Entry No. 666, p. 1; Order, Docket Entry No. 669, p. 1.

chronic kidney disease, Moyamoya disease, and his susceptibility to COVID-19.[31]

While waiting for the court to rule on his Second Motion Seeking Reconsideration of his third request for compassionate release, Defendant filed a fourth motion for compassionate release, arguing that he is entitled to a sentence reduction under Amendment 821.[32] The court granted Defendant's motion and reduced his previously imposed sentence of 360 months to 292 months.[33]

Defendant's Second Motion Seeking Reconsideration of his third request for compassionate release is pending before the court.

## II.  <u>Legal Standard</u>

### A.  **Motion for Reconsideration**

"Courts typically construe a motion to reconsider a denial of compassionate release as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)." <u>United States v. Garrett,</u> 15 F.4th 335, 339 (5th Cir. 2021).  "A Rule 59(e) motion 'calls into question the correctness of a judgment'" and "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" <u>Templet</u>

---

[31]Defendant's Second Motion Seeking Reconsideration, Docket Entry No. 672, pp. 4–7, 48.

[32]Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of Amendment 821 to the U.S. Sentencing Guidelines, Docket Entry No. 704, pp. 1–2.

[33]Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 705.

v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (first quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002); and then quoting Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  Id. at 479.[34]

## B.   Compassionate Release

In United States v. Jackson, 27 F.4th 1088, 1089 (5th Cir. 2022), the court stated the requirement for obtaining compassionate release under § 3582(c):

> . . . [A] prisoner seeking compassionate release must overcome three hurdles.  First, "extraordinary and compelling reasons" must justify the reduction of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  Id. § 3582(c)(1)(A).  Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).  Id. "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction."  Ward v. United States, 11 F.4th 354, 360 (5th Cir. 2021).

Jackson, 27 F.4th at 1089.

"We understand 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'"

---

[34]Defendant states that the facts in this case warrant granting a motion for reconsideration because he was diagnosed with a new and serious health condition after his motion for compassionate release was denied by this court.  Defendant's Second Motion Seeking Reconsideration, Docket Entry No. 672, pp. 15-16, 33, 48 (showing he was diagnosed with Moyamoya disease around January 18, 2023).

-8-

United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023)
(quoting Webster's New International Dictionary 903 (2d. ed. 1934;
1950)).  Under the United States Sentencing Guidelines "district
courts may consider the following extraordinary and compelling
circumstances in their analysis:  (1) medical circumstances of the
defendant; (2) age of the defendant; (3) family circumstances of
the defendant; (4) whether the defendant, while in custody, was a
victim of abuse; (5) other reasons similar in gravity to those
previously described; and (6) a change in the law resulting in the
defendant receiving an unusually long sentence." United States v.
Hamilton, Criminal Action No. H-17-418, 2024 WL 4052336, at *2
(S.D. Tex. Aug. 19, 2024).

The § 3553(a) factors are:

(1)  the nature and circumstances of the offense and the
history and characteristics of the defendant;

(2)  the need for the sentence imposed–

(A)  to reflect the seriousness of the offense, to
promote respect for the law, and to provide
just punishment for the offense;

(B)  to afford adequate deterrence to criminal
conduct;

(C)  to protect the public from further crimes of
the defendant; and

(D)  to provide the defendant with needed
educational or vocational training, medical
care, or other correctional treatment in the
most effective manner;

(3)  the kinds of sentences available;

-9-

    (4)   the kinds of sentence and the sentencing range
         established for-
         (A)  the applicable category of offense committed
             by the applicable category of defendant as set
             forth in the guidelines-

    * * *

    (5)   any pertinent [Sentencing Commission] policy
         statement-

    * * *

    (6)   the need to avoid unwarranted sentence disparities
         among defendants with similar records who have been
         found guilty of similar conduct; and

    (7)   the need to provide restitution to any victims of
         the offense.

18 U.S.C. § 3553(a).

## III.  Analysis

### A.  Defendant has not demonstrated extraordinary and compelling reasons for reducing his sentence.

Defendant argues that he is entitled to compassionate release under § 1B1.13(b)(1)(C) because of his (1) declining health from his chronic kidney disease and his Moyamoya disease and (2) susceptibility to COVID-19.[35]

To prevail under § 1B1.13(b)(1)(C), a defendant "must establish that she is suffering from (1) a medical condition (2) that requires long-term or specialized medical care (3) that is not being provided and (4) without which she is at risk of death or

---

[35]Defendant's Second Motion Seeking Reconsideration, Docket Entry No. 672, pp. 4-7, 48.

serious deterioration in her health." <u>Hamilton,</u> 2024 WL 4052336, at *5.

Defendant has failed to establish that he is not being provided long-term medical care. In fact, Defendant has submitted countless medical records in support of his numerous filings that establish he is receiving detailed and thorough care.[36] Defendant's "disagreement with the care and treatment she is receiving . . . does not establish that she is being denied long-term . . . medical care." <u>Hamilton,</u> 2024 WL 4052336, at *6 (holding that the defendant was not being deprived of long-term care despite not receiving "all of the medications recommended by the [doctor]"). Additionally, because "'[c]ourts now widely recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release,'" and because Defendant has refused to take the COVID vaccine, Defendant's susceptibility to COVID-19 does not constitute an extraordinary and compelling reason justifying release. <u>United States v. Clay,</u> Criminal No. 2:18-1282-10, 2022 WL 1321010, at *3 (S.D. Tex. May 2, 2022) (quoting <u>United States v. Downer,</u>

---

[36]<u>See, e.g.,</u> Defendant's Second Motion Seeking Reconsideration, Docket Entry No. 672, pp. 15-20, 22-29, 33; Medical Records, Exhibit 1 to Reply Brief for Defendant, Docket Entry No. 692-1, pp. 2-44; Patient Report, Exhibit B to Defendant's Supplemental Briefing on His Request for Compassionate Release, Docket Entry No. 645-1, p. 10.

Crim. Case No. SAG-11-0050, 2021 WL 2401236, at *2 (D. Md. June 11, 2021)).

## B.    The § 3553(a) factors counsel against a reduction.

Turning to the factors under § 3553(a), the court first considers the nature and circumstances of the offense. See 18 U.S.C. § 3553(a)(1). Defendant pled guilty to conspiring to possess with intent to distribute 100 grams or more of phencyclidine ("PCP") in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iv).[37] Defendant manufactured over 10 kilograms of PCP and admitted to manufacturing gallon amounts of PCP on at least 15 occasions.[38] He was also a leader of the criminal conspiracy that involved at least five participants.[39]

Based on these facts, the court finds that the original sentence satisfies the fairness, deterrence, and public protection considerations of §§ 3553(a)(2)(A)-(C). While the court appreciates Defendant's rehabilitative efforts,[40] "they are not enough to outweigh the court's obligation to 'promote respect for the law,' 'provide just punishment,' and deter criminal conduct."

---

[37]Plea Agreement, Docket Entry No. 196, pp. 1-2 (sealed).

[38]Transcript of Sentencing Before the Honorable Sim Lake, Docket Entry No. 463, p. 33 lines 19-23, p. 34 lines 6-14; Presentence Investigation Report, Docket Entry No. 260 (sealed).

[39]Id.

[40]Defendant's Second Motion Seeking Reconsideration, Docket Entry No. 672, pp. 42-45.

United States v. Ekene, Criminal Number H-19-633-02, 2025
WL 2721383, at *5 (S.D. Tex. Sept. 24, 2025) (quoting 18 U.S.C.
§§ 3553(a)(2)(A)-(B)).

Finally, the court is not persuaded that Defendant's original
sentence flouts the sentencing guidelines, related policies, or
sentences given to similarly situated defendants.   See 18 U.S.C.
§ 3553(a)(3)-(6).

The court therefore concludes that the § 3553(a) factors weigh
against granting Defendant's Second Motion Seeking Reconsideration.

## C.   Defendant is not entitled to the appointment of counsel.

Defendant has filed a motion asking for the appointment of
counsel.   However, "Defendant has no statutory or constitutional
right to appointed counsel."   United States v. Ibarra, Criminal
Action No. 5:11-CR-1029, 2015 WL 13376974, at *1 (S.D. Tex. Feb. 26,
2015).   "Having determined that Defendant is not statutorily or
constitutionally entitled to appointed counsel," and having reviewed
Defendant's numerous filings, the court "declines to exercise its
discretion in appointing Defendant counsel because the interests of
justice do not warrant it in this case."   Id. at *2.

## IV.   Conclusion and Order

For the reasons explained above, Defendant's [Second] Motion
Seeking Reconsideration of Petitioner's Request for Compassionate
Release Under 18 U.S.C. § 3582(C)(1)(A)(i) (Docket Entry No. 672)

-13-

and Defendant's Motion for Appointment of Counsel (Docket Entry No. 701) are **DENIED**. Accordingly, Defendant's Motion to Expedite Ruling on Motion for Reconsideration of Compassionate Release (Docket Entry No. 702) is **DENIED AS MOOT**.

      **SIGNED** at Houston, Texas, on this 9th day of January, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-14-